**In re Morgan Walker LEGG, Sr. (Deceased), Debtor.**

**Cynthia D. KINSER, Trustee, Plaintiff,**

v.

**BOB MULLINS FORD, INC., Defendant.**

**Bankruptcy No. 7-81-01274.**
**Adv. No. 7-83-0190.**

United States Bankruptcy Court,
D. Virginia,
Big Stone Gap Division.

July 26, 1985.

James E. Nunley, Bristol, Va., and Hugh P. Cline, Norton, Va., for debtor.

Cynthia D. Kinser, Pennington Gap, Va., trustee/plaintiff.

Gregory J. Harris, Herndon, Va., for defendant.

MEMORANDUM OPINION
AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The Trustee in this Chapter 11 case seeks recovery from the Defendant, Bob

Mullins Ford, Inc., the sum of $40,000.00 for unpaid rent due the estate during a period of occupancy by the Defendant. The Defendant seeks to offset damages incurred and counter-claim as a defense thereto.

The facts surrounding this matter are as follows. On February 3, 1981, prior to the Debtor's filing of his Chapter 11 petition in this Court on October 16, 1981, the Debtor entered into a lease agreement with Defendant's assignors of a Ford Motor dealership building, land, and equipment near the City of Norton, Virginia. The lease agreement provided for rental payments of $10,-000.00 per month, in advance, with an option to the Lessee to purchase. The lease agreement contained an initial five (5) year term, with option to renew for an additional five (5) years, with the further option to purchase for the sum of One Million Dollars ($1,000,000.00) exercisable by the Lessee at any time after the expiration of three (3) years unless other contingencies (not relevant here) may have occurred.

The lease continued and rent was paid from the inception through May of 1982 in the amount provided for in the lease.

The Trustee was subsequently appointed and, on June 4, 1982, upon the Trustee's motion and without objection by the Defendant-Lessee, the Court permitted rejection of the executory lease by the Trustee pursuant to the provisions of 11 U.S.C. Section 365(h). Thereafter, with consent of Deed of Trust noteholders or by foreclosure, the real estate and equipment were sold at public auction on October 2, 1982. One day thereafter, the Defendant vacated the premises, moving into other facilities.

The Defendant seeks to offset alleged damages incurred due to the rejection of the lease by the Trustee and the Defendant's vacating the premises and moving to other quarters in the conduct of its dealership business. The Defendant seeks to set off and counter-claim against the Trustee the sum of $500,000.00, essentially for damages flowing from the rejection of the lease and the premises being vacated.

The parties submitted the matter for decision to the Court upon pleadings and depositions, as well as authorities filed by Counsel. The depositions, for the most part, establish the foregoing facts and, additionally, at considerable length, develop evidence bearing on damages incurred by the Defendant as a result of the termination of the lease agreement when the Defendant elected to vacate the premises immediately following the auction sale.

The statute governing this matter is 11 U.S.C. Section 365(h). The 1978 Bankruptcy Reform Act provided in the foregoing Section as follows:

"**11 U.S.C. § 365.**

**(h)(1)** If the trustee rejects an unexpired lease of real property of the debtor under which the debtor is the lessor, the lessee under such lease may treat the lease as terminated by such rejection, or, in the alternative, may remain in possession for the balance of the term of such lease and any renewal or extension of such term that is enforceable by such lessee under applicable nonbankruptcy law.

"**(h)(2)** If such lessee remains in possession, such lessee may offset against the rent reserved under such lease for the balance of the term after the date of the rejection of such lease, and any such renewal or extension, any damages occurring after such date caused by the nonperformance of any obligation of the debtor after such date, but such lessee does not have any rights against the estate on account of any damages arising after such date from such rejection, other than such offset."

The Bankruptcy amendments and Federal Judgeship Act of 1984 modified the foregoing Section as it relates to time share sales in Paragraph (h) as well as Paragraph (i). However, as to the substance of the rights of these parties, the change is inconsequential.

An interpretation of the effect of the within Code Sections is set out in 2 *Collier on Bankruptcy* (15th Ed.) beginning at Page 365.52, as follows:

Section 365(h) deals more directly with the problems arising from the bankruptcy of the Lessor: "...[T]he tenant, if he wishes, may retain his estate, which will include all enforceable renewal terms that the tenant may insist upon unilaterally. In the alternative, the Lessee may elect to treat the lease as terminated and assert a claim for damages flowing from the breach...

"...[I]f the Lessee elects to remain in possession, he may offset all damages arising from the rejection against future rent reserved under the lease, subject to two (2) limitations: first, the offset may be only to the extent of any rent accruing under the lease, and damages based on the rejection may not be asserted as a claim against the estate. Note, however, that the limitation with respect to the claim against the estate is only with respect to 'damages arising after such date from such rejection' and, if the claim for damages accrued before rejection, it may be asserted. Secondly, and consistently, the damages which may be offset can be only those caused by non-performance by the Trustee after the date of the rejection ..."

11 U.S.C. § 365(g) provides, except in subsections (h)(2) and (i)(2), that the rejection of an executory contract or unexpired lease of the debtor constitutes a breach of such contract or lease giving rise to a general unsecured claim by such creditor pursuant to 11 U.S.C. Section 101(9)[1] and § 502(g)[2]. *See 2 Collier,* § 365.08.

Again, the interpretation of the foregoing Section is set forth in 1 *Norton Bankruptcy Law & Practice,* Section 23.-12, as follows:

"If a debtor under the Code is a party to an unexpired lease, he is usually the lessee. Occasionally, however, the debtor is the lessor. Where the debtor in a bankruptcy case is the lessor, the lessee is given exceptional rights. The trustee or debtor in possession may reject such a lease, but the lessee then has the option of either treating the entire lease as terminated or of remaining in possession of the leased premises for the balance of the term of the lease and any extensions or renewals to which the lessee would be entitled under nonbankruptcy law. In other words, a rejection of a lease in which the debtor was lessor cannot deprive the lessee of his right to occupy the premises. However, a rejection would terminate the duty of the trustee or debtor in possession to perform the lessor's incidental obligations other than to provide the premises to the lessee. Examples of these incidental obligations are the furnishing of utilities, elevators, janitorial services, and supplies.

"If the lessee chooses to remain in possession, he is liable for rental payments reserved in the lease, but may offset from those rentals any damages caused by nonperformance of the lessor's incidental obligations. If the lessee chooses to remain in possession, he has no remedies against the estate for the breaches of the lessor's obligations other than the right of offset mentioned above. Accordingly, a lessee who chooses to treat the lease as terminated has a nonadministrative claim against the estate but the lessee who chooses to remain in possession is limited to the right of offset against the rentals."

1. "**§ 101.**

(9) 'creditor' means—

(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;

(B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h) or 502(i) of this title [11 USCS §§ 348(d), 502(f), (g), (h) or (i)]; or

(C) entity that has a community claim; ..."

2. "**§ 502.**

(g) A claim arising from the rejection, under section 365 of this title [11 USCS § 365] or under a plan under chapter 9, 11, or 13 of this title [11 USCS §§ 901, *et seq.,* 1101, *et seq.,* or 1301, *et seq.*], of an executory contract or unexpired lease of the debtor that has not been assumed shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition."

Here, the Defendant-Lessee elected to vacate and terminate the lease in October, 1982. Having done so, the Lessee is a general unsecured creditor to the extent of such claim as may be filed and allowed or determined under 11 U.S.C. § 502(g).

A careful review of the evidence submitted reflects that damages alleged and elicited in the testimony were damages flowing from the breach occurring because of the Trustee's rejection of the executory lease. Expenses incurred by the Defendant-Lessee incident to the lease during the period in question are reflected only fragmentarily in the evidence. The damages elicited in the testimony concerning the expenses of moving to a new location, transporting property, removing signs, and loss of sales from the new location, among others, would normally be damages flowing from a breach of the lease agreement incident to the rejection by the Trustee. As pointed out in 1 *Norton, supra,* those incidental obligations flowing from the failure of the Trustee to perform such obligations as spelled out in the lease agreement were nonexistent inasmuch as most of the obligations under the lease agreement were those required to be performed by the Defendant-Lessee.

The evidence reflects that the last month of occupancy by the Defendant was disruptive due to the signs of sale, advertising, and such. The Defendant had a right to quiet possession without disturbance during the period of its occupancy. Since these disruptive matters distracted from quiet use of the premises, a deduction of the last month's rent will be directed and ordered.

Accordingly, after mature consideration of the evidence, the pleadings, exhibits, and Memoranda of Authorities by Counsel, it is the conclusion of the Court that the Trustee's prayers in this Complaint should be granted, and judgment is accordingly

## ORDERED

rendered in favor of the Trustee against the Defendant in the sum of three (3) months' rent, to-wit: June, July, and August, of $10,000.00 each for a total of $30,-000.00, and $60.00 costs of this proceeding.

It is further

## ORDERED

that, pursuant to 11 U.S.C. § 502(g) and *Rule* 3003(c), the Defendant-Lessee be, and is hereby granted a period of thirty (30) days from this date within which to file a claim or, if heretofore filed, file such amendments as may be appropriate or deemed advisable.